IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LUIS LUCAR, | ) | CASE NO. 4:21-cv-03142-JMG-MDN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PILLEN FAMILY FAMRS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) OR, IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT**
_____

Prepared and submitted by:

Tara Tesmer Paulson (#24454)
Jennifer L. Ralph (#26998)
REMBOLT LUDTKE LLP
1128 Lincoln Mall, Ste. 300
Lincoln, NE 68508
(402) 475-5100

ATTORNEYS FOR DEFENDANT

Defendant Pillen Family Farms, Inc., by its attorneys, Rembolt Ludtke LLP, and pursuant to FED. R. CIV. P. 12(b)(6), or in the alternative, FED. R. CIV. P. 12(e), respectfully submits the following Memorandum in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative, Motion for a More Definite Statement.

## I. INTRODUCTION

Plaintiff Luis Lucar ("Plaintiff") filed the present six-count Complaint and Jury Demand (DOC #1) against Pillen Family Farms, Inc. ("Defendant") on July 21, 2021. Count Five of Plaintiff's Complaint should be dismissed, because Plaintiff does not allege that he reported a violation of the Fair Labor Standards Act ("FLSA") or the Nebraska Wage Payment and Collection Act ("NWPCA") as required to state a claim under the anti-retaliation provisions of those laws. Moreover, Nebraska law did not prohibit retaliation or discrimination for filing a "suit or complaint" under the NWPCA at the time Plaintiff was employed by Defendant. Count Six of Plaintiff's Complaint should be dismissed as well because Plaintiff does not allege his termination falls within any of the recognized public policy exceptions to Nebraska's employment at-will doctrine, nor does he identify any other source of public policy that Defendant violated that would make such a claim cognizable.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff commenced his employment with Defendant in March 2012 and was terminated on November 14, 2019. (DOC. 1 at ¶ 7). Plaintiff alleges he "complained of, opposed, reported and refused to participate in" Defendant's action of "improperly classifying employees as 'contract' labor to avoid the payment of taxes and other legally required financial obligations." (DOC. 1 at ¶ 9). Plaintiff further alleges that Defendant

---

[1] Defendant takes these facts from Plaintiff's Complaint for purposes of this Motion to Dismiss. Defendant vigorously denies the allegations in Plaintiff's Complaint. However, it restates the identified allegations understanding that the Court must construe all facts alleged in Plaintiff's Complaint as true for purposes of Defendant's Motion to Dismiss.

retaliated against him for "reporting, opposing, and refusing to engage in alleged illegal activity in violation of the public policy of the State of Nebraska." (DOC. 1 at ¶ 34). Plaintiff alleges Defendant retaliated against him in a number of ways that fall short of termination. (Doc. 1 at ¶ 31).

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting Bell Atlantic, 550 U.S. at 557). When considering a motion to dismiss, courts must accept all the factual allegations in the complaint as true. *Id.* However, they are not required to accept as true legal conclusions couched as factual allegations. *Id*. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Under 12(b)(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(b)(e).

3

## IV. ARGUMENT

**I. Count V of Plaintiff's Complaint should be dismissed for failure to state a claim.**

Count Five of Plaintiff's Complaint should be dismissed because Plaintiff does not allege that he reported a violation of the FLSA or the NWPCA. Moreover, Nebraska law did not prohibit retaliation or discrimination for filing a "suit or complaint" under the NWPCA at the time Plaintiff was employed by Defendant.

### A. Plaintiff's FLSA retaliation claim is not cognizable, because he does not allege he reported a violation of the Fair Labor Standards Act.

Plaintiff's FLSA retaliation claim in Count V of his Complaint is not cognizable, because he does not allege that he reported a violation of the FLSA to Defendant. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…." 29 U.S.C. § 215(a)(3). "To fall within the scope of the [FLSA's] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Montgomery v. Havner*, 700 F.3d 1146, 1149 (8th Cir. 2012) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011)). The FLSA governs the minimum wage that employees must be paid (29 U.S.C.A. § 206) and the rate at which employees must be paid if they work in excess of forty hours per week. (29 U.S.C.A. § 207). Plaintiff alleges that he reported that Defendant misclassified employees as contract workers so Defendant could avoid paying taxes, but that alone does not constitute a violation of the FLSA. Plaintiff does not identify any violations of the FLSA he

alleges he reported to Defendant. Thus, Count V of Plaintiff's Complaint does not fall within the ambit of the FLSA's anti-retaliation provision.

To the extent that the Court determines that Plaintiff can proceed under the antiretaliation provisions of the FLSA, Defendant respectfully requests that Plaintiff be required to amend his Complaint to provide a more definite statement as to what wage and hours practices he contends he reported to Defendant that violated the FLSA.

**B. Plaintiff's Nebraska Wage Payment and Collection Act retaliation claim is also not cognizable because the NWPCA's anti-retaliation provisions did not apply when Plaintiff was employed and because he does not allege he reported a violation of the NWPCA.**

Plaintiff's NWPCA retaliation claim in Count Five of his Complaint is not cognizable because the NWPCA did not prohibit retaliation at the time Plaintiff was employed by Defendant. On October 1, 2020, long after Plaintiff had separated from employment with Defendant, the anti-retaliation provisions in Neb. Rev. Stat. § 48-1235 became effective. The 2020 statute provides, in part, that "An employer shall not retaliate or discriminate against an employee because the employee: (1) Files a suit or complaint under the Nebraska Wage Payment and Collection Act". Neb. Rev. Stat. § 48-1235. Prior to the enactment of this provision, Nebraska's appellate courts refused to find that the Nebraska Wage Payment and Collection Act prohibited retaliation against employees for asserting complaints under the Act. *See, e.g., Bright Horizons Resources for Survivors of Domestic Violence and Sexual Assault, Inc. v. Horse,* Nos. A-04-191, A-04-192, 2005 WL 2206037, *5 (Neb. Ct. App. Sept. 13, 2005). Because Nebraska law did not prohibit retaliation for complaints under the NWPCA at the time Plaintiff was employed, Count V's allegations premised on such retaliation are not cognizable.

5

Moreover, Plaintiff does not allege he engaged in protected activity under the NWPCA. First, as noted, the NWPCA prohibits retaliation against employees who assert complaints under the Act. The legislative history of § 48-1235 suggests the Legislature contemplated provided anti-retaliation protection for employees who made formal complaints to the Nebraska Department of Labor pursuant to the NWPCA. The intent statement for the statute provides that the bill "explicitly state[ed] a prohibition on retaliation against employees who file a complaint or assist in an investigation under the Nebraska Department of Labor (NDOL), and adds language that relief is available in court if retaliation occurs." NE Intent Stat., 2020 Reg. Sess. L.B. 1016 (Feb. 3, 2020). Plaintiff does not allege he formally complained to the Department of Labor and therefore does not allege that he engaged in protected activity within the meaning of the Act.

Finally, Plaintiff's NWPCA retaliation claim in Count Five is not cognizable for similar reasons to those described in Section I.A above. The NWPCA requires employers to pay all wages due to employees. Neb. Rev. Stat. § 48-1230(1). Plaintiff does not allege that he complained about a failure to pay any wages due under the NWPCA or any other of the violations of the NWPCA's provisions. Therefore, he has not stated a claim under the anti-retaliation provisions of the NWPCA, even to the extent they are applicable.

To the extent that the Court determines that Plaintiff can proceed under Neb. Rev. Stat. § 48-1235, Defendant respectfully requests that Plaintiff be required to amend his Complaint to provide a more definite statement as to what practices he alleges he complained of to Defendant that violated to NWPCA.

II. **Count VI of Plaintiff's Complaint should be dismissed because he does not allege he falls within any of the public policy exceptions to Nebraska's employment at-will doctrine.**

Plaintiff has not stated a claim that his termination falls within one of the recognized public policy exceptions to the employment at-will doctrine. "The general rule in Nebraska is that unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason….Under the public policy exception, an employee may claim damages for wrongful discharge when the motivation for the firing contravenes public policy." *O'Brien v. Bellevue Public Schools*, 289 Neb. 637, 649 (2014). Of this public policy exception, the Nebraska Supreme Court has said, "it is important that abusive discharge claims of employees at will be limited to manageable and clear standards. The right of an employer to terminate employees at will should be restricted only by exceptions created by statute or those instances where a very clear mandate of public policy has been violated." *Id.* Moreover, the public policy exception is limited to claims of retaliatory discharge or demotion. *Knapp v. Ruser*, 297 Neb. 639, 665 (2017).

Nebraska's appellate courts have recognized a public policy exception where an employee alleged he was terminated because he refused a polygraph test, where an employee was discharge for violating state odometer fraud laws, where an employee was fired for filing for workers' compensation benefits, and where an employee was terminated for reporting elder abuse. *See, e.g., Rastede v. Bright Horizons Resources for Survivors of Domestic Violence and Sexual Assault, Inc.*, 2005 WL 220637, *5 (Neb. Ct. App. Sept. 13, 2005); *Wendeln v. The Beatrice Manor, Inc., 271 Neb. 373, 387 (2006)*.

In the present case, Plaintiff has not alleged that Defendant violated any of the recognized public policy exceptions previously enumerated by the Nebraska Supreme Court. Moreover, Plaintiff identifies no statutory or other source of public policy that purportedly restricts Defendant's ability to terminate Plaintiff's employment at will. The Court should not accept Plaintiff's legal conclusion that Defendant violated the public policy of the state of Nebraska without any specific identification of the public policy Plaintiff believes to provide the clear mandate of public policy not yet recognized by the Nebraska Supreme Court.

To the extent that the Court determines that Plaintiff's discharge in violation of public policy claim should survive this motion to dismiss, Defendant respectfully requests that Plaintiff be required to amend his Complaint to provide a more definite statement as to the public policy (and source therefore) that he believes his discharge violated.

### III. CONCLUSION

For all of the reasons set forth herein, Defendant respectfully requests that its Motion to Dismiss be granted. In the alternative, Defendant requests that its Motion for a More Definite Statement be Granted.

Dated: August 16, 2021

             PILLEN FAMILY FARMS, INC., Defendant

           By: REMBOLT LUDTKE LLP
              3 Landmark Centre
              1128 Lincoln Mall, Suite 300
              Lincoln, NE 68508
              (402) 475-5100

           By: <u>/s/ Tara Tesmer Paulson</u>
              Tara Tesmer Paulson (#24454)
              tpaulson@remboltlawfirm.com
              Jennifer L. Ralph (#26998)
              jralph@remboltlawfirm.com

**CERTIFICATE OF SERVICE**

 I hereby certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

 Kathleen M. Neary
 POWERS LAW
 411 South 13th Street, Suite 300
 Lincoln, NE 68508
 kathleen@vpowerslaw.com

             <u>/s/ Tara Tesmer Paulson</u>
             Tara Tesmer Paulson (#24454)

4824-8675-7878, v. 1