IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS LUCAR, | Case No. 4:21cv3142 |
| Plaintiff, | |
| Vs. | FIRST AMENDED COMPLAINT and JURY DEMAND |
| PILLEN FAMILY FARMS, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, by and through his attorney, and for his first amended complaint and causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violations of statutorily protected rights guaranteed the Plaintiff by Title VII of the Civil Rights, as amended, 42 U.S.C. §1981, the Fair Labor Standards Act, the Nebraska Fair Employment Practices Act, and the public policy of the State of Nebraska and the United States of America.

2. Plaintiff was born in Peru. He is Hispanic, Latino, and his skin color is brown.

3. Defendant Pillen Family Farms, Inc., is a Nebraska corporation licensed to do business in and was doing business in the State of Nebraska at all times alleged herein. Members of the Pillen family hold all corporate offices of Pillen Family Farms, Inc..

4. Defendant is an employer as defined by the statutes set forth herein.

5. Plaintiff filed timely administrative charges with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on July 19, 2021 and the NEOC charge is still pending before that agency. The instant action is timely.

1

6. This Court has original jurisdiction over the federal statutory claims and concurrent jurisdiction of the claims arising under Nebraska law and the public policy of the State of Nebraska.

7. Plaintiff commenced his employment with Defendant in March 2012 and was illegally fired on November 14, 2019. The most recent position Mr. Lucar held with Defendant was Human Resource Specialist (HR Specialist). In this capacity, Mr. Lucar was involved with the hiring of new employees and dealing with other personnel related matters.

8. Upon information and belief, Defendant corporation is engaged in pork production. Members of the Pillen family manage the day-to-day operations of the Defendant's multi-facility operations.

9. Beginning in 2015 and continuing through November, 2019, Plaintiff repeatedly complained of, opposed, reported, and refused to participate in the alleged illegal activity of Defendant's corporate employees, management and supervisory team, and human resource personnel, including, but not limited to: hiring workers who lacked proper documentation and/or authorization to work in the United States of America and/or continued to employ said persons when Defendant knew that said persons lacked the proper documentation and/or authorization to legally work in the United States in violation of 8 U.S.C. §1324a and 8 CFR §274a.10, changing employees' names on certain government and company documents so employees could avoid paying taxes, garnishments, and/or child support, and/or for other allegedly unlawful reasons in violation of the laws of the State of Nebraska and the United States of America, including, but not limited to, the United States Internal Revenue Code, the tax code of the

State of Nebraska, 8 U.S.C. §1324a and 8CFR §274a.10, falsifying government and insurance documents, such as 1-9 and E-Verify forms and beneficiary documents in violation of laws of the State of Nebraska and the United States of America, including, but not limited to, 8 U.S.C. §1324a and 8 CFR §274a.10, submitting falsified documents to the United States government and insurance companies in violation of the laws of the State of Nebraska and the United States of America, including, but not limited to 8 U.S.C. §1324a and 8 CFR §2a.10, improperly classifying employees as "contract" labor to avoid paying all wages due and owing to said employees for work performed and/or to avoid the payment of taxes and other legally required financial obligations, and reporting and opposing Defendant's failure to pay all wages due and owing to employees for work performed in violation of the Fair Labor Standards Act, the laws of the State of Nebraska, and the United States of America.

10. Plaintiff refused to engage in the alleged illegal conduct and activities noted in the preceding paragraph.

11. From approximately 2014 or 2015 through 2019, Plaintiff repeatedly reported to Defendant's corporate officer, managers, and supervisory personnel that certain managers and supervisors were discriminating against certain employees due to the employees' protected class status, including race, national origin and/or ethnicity. Defendant failed to investigate and/or remedy the alleged discriminatory conduct.

12. Plaintiff also reported to Defendant's corporate officers, managers, and supervisors that he had been discriminated against due to his protected class status and that he had been retaliated against after he opposed and/or reported and/or refused to engage in the alleged illegal activities and conduct noted in the preceding paragraphs.

13. After Plaintiff engaged in the protected activities noted above and other protected activities not specifically set forth herein, Defendant further discriminated and retaliated against Plaintiff and subjected Plaintiff to a discriminatory and retaliatory hostile working environment. Just by way of example, Defendant's corporate officers, managers and supervisors yelled at him, denied him training, excluded him from work related meetings, failed to communicate with him regarding work related matters, slammed doors, cursed at him, falsely accused him wrongdoing or misconduct, became physically and verbally enraged towards him, and barged into his office without knocking or notice. The aforementioned conduct was unwelcomed, was sufficiently patterned and pervasive, and adversely impacted Plaintiff's ability to perform his job.

14. On or about November 14, 2019, Sarah Pillen, Defendant's corporate officer and manager, terminated Plaintiff without cause and without notice. Plaintiff's termination notice states that he was terminated due to "inability to work with our team." Plaintiff agrees that he would not and could not work with the team regarding the alleged illegal activities in which Defendant was engaged.

15. At all times alleged herein, Defendant's corporate officers, managers, and/or supervisors were acting in the scope and course of their employment with Defendant

16. Due to Defendant's alleged unlawful conduct, Plaintiff has incurred and will continue to incur lost wages and job-related benefits, compensatory damages, attorney's fees, and costs.

17. Due to Defendant's egregious conduct, punitive damages are appropriate.

18. Liquidated damages should be awarded due to Defendant's alleged egregious misconduct.

## COUNT I

Plaintiff incorporates paragraphs 1 through 18 as if fully set forth herein.

19. Defendant retaliated against Plaintiff after he engaged in protected activities, including, but not limited to, opposing, and reporting alleged illegal discrimination towards Defendant's employees and himself in violation of Title VII, 42 U.S.C. §1981, and the Nebraska Fair Employment Practices Act.

20. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

21. Punitive damages should be awarded due to Defendant's alleged egregious conduct.

## COUNT II

Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

22. Defendant discriminated against Plaintiff due to his race, color, and national origin in violation of Title VII, 42 U.S.C. §1981, and the Nebraska Fair Employment Practices Act.

23. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

24. Punitive damages should be awarded due to Defendant's alleged egregious conduct.

## COUNT III

Plaintiff incorporates paragraphs 1 through 24 as if fully set forth herein.

25. Defendant retaliated against Plaintiff after he opposed, reported, and/or refused to participate in Defendant's alleged illegal activities, including, but not limited to the allegations described in paragraph 9 above. Such alleged conduct is violative of the Nebraska Fair Employment Practices Act.

26. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

## COUNT IV

Plaintiff incorporates paragraphs 1 through 26 as if fully set forth herein.

27. Defendant subjected Plaintiff to a discriminatory and retaliatory hostile work environment in violation of Title VII, 42 U.S.C. §1981, and the Nebraska Fair Employment Practices Act.

28. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

29. Punitive damages should be awarded due to Defendant's alleged egregious conduct.

## COUNT V

Plaintiff incorporates paragraphs 1 through 29 as if fully set forth herein.

30. Defendant unlawfully retaliated against Plaintiff for reporting, opposing, and refusing to participate in alleged unlawful wage and hour practices, including, but not limited to, reporting and opposing Defendant's failure to pay wages to persons who performed work for Defendant, and misclassifying employees as contract workers so Defendant could avoid paying taxes, and circumvent other financial and legal obligations required by law. Such alleged conduct is violative of the Fair Labor Standards Act.

31. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

32. Liquidated damages, payable to Plaintiff, are appropriate due to Defendant's alleged egregious misconduct.

## COUNT VI

Plaintiff incorporates paragraphs 1 through 32 as if fully set forth herein.

33. Defendant unlawfully retaliated against Plaintiff for reporting, opposing, and refusing to engage in alleged illegal activity in violation of the public policy of the State of Nebraska and/or the United States of America.

34. Plaintiff has suffered and will continue to suffer general and special damages due to Defendant's alleged unlawful conduct.

WHEREFORE, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare Defendant's conduct to be violative of the Plaintiff's rights under the appropriate state or federal law(s);

b. Award Plaintiff past, present, and future general and special damages in amount to be determined by a jury of his peers;

c. Award Plaintiff punitive and/or liquidated damages against Defendant;

d. Enjoin Defendant from engaging in any further illegal actions against the Plaintiff;

e. Award Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

BY: s/Kathleen M. Neary
POWERS LAW
Kathleen M. Neary   NSBA 20212
411 South 13th Street, Suite 300
Lincoln, NE  68508
(402) 474-8000
kathleen@vpowerslaw.com

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury in Lincoln, Nebraska.

s/Kathleen M. Neary
Kathleen M. Neary   NSBA 20212

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of September 2021, the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF Filing System, which sent notice of such filing to all counsel of record.

s/ Kathleen M. Neary
Kathleen M. Neary, #20212