IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| LUIS LUCAR, | ) | CASE NO. 4:21-cv-03142-JMG-MDN |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| PILLEN FAMILY FAMRS, INC., | ) | |
| Defendant. | ) | |

_____

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6), OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**
_____

Prepared and submitted by:

Tara Tesmer Paulson (#24454)
Jennifer L. Ralph (#26998)
REMBOLT LUDTKE LLP
1128 Lincoln Mall, Ste. 300
Lincoln, NE 68508
(402) 475-5100

ATTORNEYS FOR DEFENDANT

Defendant Pillen Family Farms, Inc., by its attorneys, Rembolt Ludtke LLP, and pursuant to FED. R. CIV. P. 12(b)(6), respectfully submits the following Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6), or in the alternative, Motion for A More Definite Statement .

## I. INTRODUCTION

Plaintiff Luis Lucar ("Plaintiff") filed the present six-count First Amended Complaint and Jury Demand (the "Amended Complaint") (DOC # 17) against Pillen Family Farms, Inc. ("Defendant") on September 14, 2021. Count Five of Plaintiff's Amended Complaint should be dismissed, because Plaintiff does not allege that he reported a violation of the Fair Labor Standards Act ("FLSA") as required to state a claim under the anti-retaliation provisions of that law. Count Six of Plaintiff's Amended Complaint should be dismissed as well because Plaintiff does not allege his termination falls within any of the recognized public policy exceptions to Nebraska's employment at-will doctrine.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS[1]

Plaintiff commenced his employment with Defendant in March 2012 and was terminated on November 14, 2019. (DOC. 17 at ¶ 7). Plaintiff alleges he "complained of, opposed, reported and refused to participate in" Defendant's "alleged illegal activit[ies]". (DOC. 17 at ¶ 9). Plaintiff further alleges that Defendant retaliated against him for "reporting, opposing, and refusing to engage in alleged illegal activity in violation of the public policy of the State of Nebraska and/or the United States." (DOC. 1 at ¶ 33).

---

[1] Defendant takes these facts from Plaintiff's Complaint for purposes of this Motion to Dismiss. Defendant vigorously denies the allegations in Plaintiff's Complaint. However, it restates the identified allegations understanding that the Court must construe all facts alleged in Plaintiff's Complaint as true for purposes of Defendant's Motion to Dismiss.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are 'merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting Bell Atlantic, 550 U.S. at 557). When considering a motion to dismiss, courts must accept all the factual allegations in the complaint as true. *Id*. However, they are not required to accept as true legal conclusions couched as factual allegations. *Id*. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

Under 12(b)(e) of the Federal Rules of Civil Procedure, a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(b)(e).

### IV. ARGUMENT

**I. Count V of Plaintiff's Amended Complaint should be dismissed for failure to state a claim.**

Count Five of Plaintiff's Amended Complaint should be dismissed because Plaintiff does not allege that he reported a violation of the FLSA.

## A. Plaintiff's FLSA retaliation claim is not cognizable, because he does not allege he reported a violation of the Fair Labor Standards Act.

Plaintiff's FLSA retaliation claim in Count V of his Amended Complaint is not cognizable, because he does not allege that he reported a violation of the FLSA to Defendant. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding…." 29 U.S.C. § 215(a)(3). "To fall within the scope of the [FLSA's] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Montgomery v. Havner*, 700 F.3d 1146, 1149 (8th Cir. 2012) (quoting *Kasten v. Saint–Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011)). The FLSA governs the minimum wage that employees must be paid (29 U.S.C.A. § 206) and the rate at which employees must be paid if they work in excess of forty hours per week. (29 U.S.C.A. § 207). Plaintiff alleges that he reported that Defendant misclassified employees as contract workers so Defendant could avoid paying taxes, but that alone does not constitute a violation of the FLSA. Defendant also alleges that he reported Defendant's failure to pay all wages due and owing to employees for work performed, but again, that alone does not constitute a violation of the FLSA, absent a minimum wage or overtime wage violation. Plaintiff does not identify any other alleged violations of the FLSA he alleges he reported to Defendant. Thus, Count V of Plaintiff's Amended Complaint does not fall within the ambit of the FLSA's anti-retaliation provision.

To the extent that the Court determines that Plaintiff can proceed under the antiretaliation provisions of the FLSA, Defendant respectfully requests that Plaintiff be

required to amend his Amended Complaint a second time to provide a more definite statement as to what wage and hours practices he contends he reported to Defendant that violated the FLSA.

II. **Count VI of Plaintiff's Amended Complaint should be dismissed because he does not allege he falls within any of the public policy exceptions to Nebraska's employment at-will doctrine.**

Plaintiff has not stated a claim that his termination falls within one of the recognized public policy exceptions to the employment at-will doctrine. "The general rule in Nebraska is that unless constitutionally, statutorily, or contractually prohibited, an employer, without incurring liability, may terminate an at-will employee at any time with or without reason….Under the public policy exception, an employee may claim damages for wrongful discharge when the motivation for the firing contravenes public policy." *O'Brien v. Bellevue Public Schools*, 289 Neb. 637, 649 (2014). Of this public policy exception, the Nebraska Supreme Court has said, "it is important that abusive discharge claims of employees at will be limited to manageable and clear standards. The right of an employer to terminate employees at will should be restricted only by exceptions created by statute or those instances where a very clear mandate of public policy has been violated." *Id.* Moreover, the public policy exception is limited to claims of retaliatory discharge or demotion. *Knapp v. Ruser*, 297 Neb. 639, 665 (2017).

Nebraska's appellate courts have recognized a public policy exception where an employee alleged he was terminated because he refused a polygraph test, where an employee in good faith and upon reasonable cause reported his employer's suspected violation of a criminal code, where an employee was fired for filing for workers' compensation benefits, and where an employee was terminated for reporting elder abuse.

5

In each of these instances, the court recognized a public policy exception premised upon Nebraska state law. *See, e.g., Rastede v. Bright Horizons Resources for Survivors of Domestic Violence and Sexual Assault, Inc.*, 2005 WL 220637, *5 (Neb. Ct. App. Sept. 13, 2005); *Schriner v. Meginnis Ford Co.*, 228 Neb. 85, 92 (1988); *Wendeln v. The Beatrice Manor, Inc.*, 271 Neb. 373, 387 (2006).

In the present case, Plaintiff has not alleged that Defendant violated any of the recognized public policy exceptions previously enumerated by the Nebraska Supreme Court. Plaintiff continues to allege he was retaliated again "in violation of the public policy of the State of Nebraska and/or the United States of America." Doc 17 at 33. This allegation is far too vague for the court to identify a "very clear mandate" of public policy that would justify expanding the public policy exceptions available to litigants in the state of Nebraska.

Plaintiff does allege that he reported certain purported illegal activity, but that cannot form the basis for his discharge in violation of public policy claim either. The only instance in which the Nebraska Supreme Court has recognized such an exception is where an employee reported suspected violations of Nebraska's criminal code. *Schriner v. Meginnis Ford Co.*, 228 Neb. 85, 92 (1988). Here, despite alleging he reported a number of purportedly illegal activities (Doc # 17 ¶ 9), Plaintiff does not identify any violations of the Nebraska's criminal code that he allegedly reported. As such, Plaintiff still does not identify any basis of public policy that would support Count VI of his Amended Complaint.

To the extent that the Court determines that Plaintiff's discharge in violation of public policy claim should survive this motion to dismiss, Defendant respectfully requests that Plaintiff be required to amend his Amended Complaint to provide a more definite statement as to the public policy (and source therefore) that he believes his discharge violated.

## III. CONCLUSION

For all of the reasons set forth herein, Defendant respectfully requests that its Motion to Dismiss be granted. In the alternative, Defendant requests that its Motion for a More Definite Statement be Granted.

Dated: September 28, 2021

                              PILLEN FAMILY FARMS, INC., Defendant

                              By:    REMBOLT LUDTKE LLP
                                        3 Landmark Centre
                                        1128 Lincoln Mall, Suite 300
                                        Lincoln, NE 68508
                                        (402) 475-5100

                              By:    /s/Tara Tesmer Paulson
                                        Tara Tesmer Paulson (#24454)
                                        tpaulson@remboltlawfirm.com
                                        Jennifer L. Ralph (#26998)
                                        jralph@remboltlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kathleen M. Neary
POWERS LAW
411 South 13th Street, Suite 300
Lincoln, NE 68508
kathleen@vpowerslaw.com

                                                          /s/Tara Tesmer Paulson
                                                          Tara Tesmer Paulson (#24454)

4824-8675-7878, v. 1