IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LUIS LUCAR, | ) | Case No. 4:21cv3142 |
| | ) | |
| Plaintiff, | ) | |
| | ) | BRIEF IN OPPOSITION |
| v. | ) | TO MOTION TO DISMISS |
| | ) | |
| PILLEN FAMILY FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

Plaintiff was formerly employed as a human resource specialist for Defendant. In this capacity, he was responsible for handling personnel matters for the Defendant, including, but not limited to interviewing and hiring new employees as well as verifying that newly hired employees possessed all requisite authorizations and documents needed to work in the United States. Mr. Lucar also handled other employee related matters while employed by Defendant. Defendant's hog production operation employed many persons who were born outside the United States.

As a human resource specialist, Plaintiff was personally aware of numerous alleged illegal actions in which Defendant was engaged. Paragraph 9 of Plaintiff's first amended complaint specifically identities Defendant's alleged unlawful conduct as well as his opposition to and reporting of the same:

> 9. Beginning in 2015 and continuing through November, 2019, Plaintiff repeatedly complained of, opposed, reported, and refused to participate in the alleged illegal activity of Defendant's corporate employees, management and supervisory team, and human resource personnel, including, but not limited to:  hiring workers who lacked proper documentation and/or authorization to work in the United States of America and/or continued to employ said persons when Defendant knew that said persons lacked the proper documentation and/or authorization to

1

>       legally work in the United States in violation of 8 U.S.C. §1324a and 8
>       CFR §274a.10, changing employees' names on certain government and
> company documents so employees could avoid paying taxes, garnishments,
> and/or child support, and/or for other allegedly unlawful reasons in violation of
> the laws of the State of Nebraska and the United States of America, including, but
> not limited to, the United States Internal Revenue Code, the tax code of the State
> of Nebraska, 8 U.S.C. §1324a and 8CFR §274a.10,  falsifying government and
> insurance documents, such as 1-9 and E-Verify forms and beneficiary documents
> in violation of laws of the State of Nebraska and the United States of America,
> including, but not limited to, 8 U.S.C. §1324a and 8 CFR §274a.10, submitting
> falsified documents to the United States government and insurance companies in
> violation of the laws of the State of Nebraska and the United States of America,
> including, but not limited to 8 U.S.C. §1324a and 8 CFR §2a.10, improperly
> classifying employees as "contract" labor to avoid paying all wages due and
> owing to said employees for work performed and/or to avoid the payment of taxes
> and other legally required financial obligations, and reporting and opposing
> Defendant's failure to pay all wages due and owing to employees for work
> performed in violation of the Fair Labor Standards Act, the laws of the State of
> Nebraska, and the United States of America.

(Doc #17, ¶9)

Plaintiff's first amended complaint is sufficiently pled, including citations to federal law and regulations.  Defendant's motion to dismiss should be denied.  If the Court determines that the first amended complaint is deficit, Plaintiff respectfully requests leave to file a second amended complaint to cure any pleading defects.

## I.     Legal Standard Motion to Dismiss

Under Fed. R. Civ. P. 8(a), a complaint must contain a short and plain statement showing that the party is entitled to relief.  To show that a party is entitled to relief, the complaint must contain enough factual allegations that the claim is plausible on its face.  In re SuperValu, Inc., 925 F.3d 955, 962 (8th Cir. 2019) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)).  These factual allegations do not need to be detailed, but they must be more than "labels and conclusions" or "formulaic recitation of the elements of a cause of action."

*Id*. To be facially plausible, the factual allegations pled must allow the court to draw "a reasonable inference that the defendant is liable for the misconduct alleged. Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009).

The Court must, "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party" but the Court is not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action" and must reject "conclusory statements and legal conclusions." McDonough v. Anoka Cty., 799 F.3d 931, 945 (8th Cir. 2015) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009)). In reviewing a motion to dismiss, the court must accept as true all facts pleaded by the non-moving party and grant all reasonable inference form the pleading in favor of the non-moving party. United States. V. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000).

When considering a motion to dismiss under Rule 12(b)(6), "the Court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleading." Ashford v. Douglass Cty., 880 F. 3d 990, 992 (8th Cir. 2018) (citing Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts must undertake the "context-specific task" of determining whether the moving party's allegations "nudge" its claim against the defendant "across the line from conceivable to plausible." See Ashcroft v. Iqbal, 556 U.S. 662, 679-81 (2009). The moving

3

party must "plead…factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawful." Id.

Courts consider plausibility by drawing on judicial experience and common sense and reviews the Plaintiff's claim as a whole, not the plausibility of each individual allegation. White v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012). The Eight Circuit has refused at the pleading stage to incorporate some general and formal level of evidentiary proof into the plausibility requirement of Iqubal and Twombly. Id. "[T]he question is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims. Id. at 1129.

## II. Count V is properly pled under the FLSA

An employee's internal verbal complaints to his/her employer regarding alleged violations of the FLSA is sufficient to trigger the anti-retaliation provisions of the Fair Labor Standards Act. Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1 (2011). In paragraph 9 of the first amended complaint, Plaintiff alleges, in part, that he was retaliated against after: "reporting and opposing Defendant's failure to pay all wages due and owing to employees for work performed in violation of the Fair Labor Standards Act…." (Doc. #17, ¶9)

The FLSA mandates that employers pay wages to employees for all work performed and sets a minimum hourly rate. 29 U.S.C. §206. Plaintiff succinctly pled that "Defendant failed to pay all wages due and owing to employees for work performed." Plaintiff is not required to identify in the complaint each instance when a non-exempt employee was unlawfully denied pay for work performed, rather, his allegation that employees were denied work for pay performed is

4

sufficient. Discovery will reveal the specific underlying facts which support Plaintiff's FLSA claim.

Plaintiff has also properly alleged that Defendant misclassified certain workers as "contract" labor to avoid paying all wages due and owing to said employees for work performed. (Doc. #17, ¶9) The Fair Labor Standards Act defines an employee as "any individual employed by an employer," 29 U.S.C. §203(e)(1); "employee" means "to suffer or permit to work." 29 U.S.C. §203(g). Courts have adopted an economic realities test to determine whether an individual is an employee or independent contractor. McFeeley v. Jackson Street Entertainment, LLC, 825 F.3d 235, 241 (4th Cir. 2016) (citing Schultz v. Capital Int'l Sec. Inc., 455 F.3d 298, 304-05 (4th Cir. 2006)).

Many courts across the nation have found that misclassifying individuals as 'contract workers' or 'independent contractors' violates the FLSA when, in fact, the workers were employees. See: McFeeley v. Jackson Street Entertainment, LLC., 825 F.3d 235 (4th Cir. 2016) (held: found exotic dancers entitled to wages as "employees" under the FLSA; Thompson v. House, Inc., (Civil Action no. 2009-1942 (D.C. 2011) (held: exotic dancers were found to be employees under the FLSA; Stevenson et.al. v. The Great American Dream Inc., et.al. (ND GA, Case No. 1:12CV03359, 2014), (held: exotic dancers found to be employees under FLSA; Hart v. Rick's Cabaret Int'l, 967 F.Supp. 2d 901 (S.D.N.Y 2013) (held: defendant liable to dancers for minimum wage under the FLSA and state law; Reich v. Circle C. Investments, Inc., 998 F.2d 324 (5th Cir. 1993) (held: dancers were entitled to FLSA protections due to degree of control exercised by defendant; Terry v. Sapphire Gentlemen's Club, (Nev. S. Ct, 130 Nev. Adv. Opinion 87) (10/30/14) (held: dancers were employees of the club and entitled to minimum wage pursuant to the FLSA and state law); Reich v. Priba Corp., 890 F.Supp. 586 (ND TX,

5

1995) (held: dancers at adult night club found to be employees under the FLSA.); and <u>Harrell v. Diamond A. Entm't Inc.</u>, 992 F.Supp. 1343 (MD FL, 1996) (held: dancers at adult club were employees under the FLSA).

Although the above noted decisions dealt with exotic dancers, the same FLSA analysis and protections extend to individuals who performed farm work for Defendant who were misclassified as contractors as alleged in the instant action. Plaintiff has properly pled FLSA violations in the first amended complaint.

### III. Count VI Properly Alleges Public Policy Violations

In numerous cases, the Nebraska Supreme Court has held that a public policy exception to the 'at-will employment' doctrine exists, particularly when the alleged public policy claim involves an alleged violation of the criminal code. "Under the public policy exception, we will allow an employee to claim damages for wrongful discharge when the motivation for the firing contravenes public policy." <u>Jackson v. Morris Communications Corp</u>., 265 Neb. 423 (2003), citing <u>Malone v. American Bus. Inf.</u>, 262 Neb. 733, (2001).

In <u>Ambroz v. Cornhusker Square</u>, 226 Neb. 899, 905 (1987), a case in which an employee alleged he was terminated due to his refusal to take a polygraph test, the Court held that the employer's mandate was an exception to the 'at-will employment doctrine' as it violated the Licensing of Truth and Deception Examiners Act and constituted a misdemeanor under Neb. Rev. Stat. §81-1932.

In <u>Simonsen v. Hendricks Sodding</u>, 558 N.W.2d 825. 829 (Neb. App. 1997), Simonsen alleged wrongful discharge in contradiction of public policy when he was fired for refusing to comply with his employer's directive to drive a truck with defective breaks. It is illegal under Nebraska law to operate a vehicle with defective brakes on public roads. The court held "We

also conclude that employees who are discharged because they refused to commit an act that violates the criminal laws of the state are discharged for a motive that contravenes public policy, and they have a cause of action notwithstanding that they are at will employees."

In Shriner v. Meginnis Ford Co., 228 Neb. 85, 421 N.W. 2d 755 (1988), Shriner alleged wrongful discharge in violation of public policy stemming from his termination which occurred two days after a government investigation found insufficient evidence to support Shriner's allegation that Defendant had engaged in odometer fraud. The Shriner court conclusively held: "In applying a public policy exception to the termination at-will rule….there is no public policy more basic than the enforcement of a State's criminal code." 421 N.W.2d at 759, citing Pamateer v. Int'l Harvester Co., 85 Ill.2d 124, (1981). In Shriner, the Court concluded that while Plaintiff had a belief that odometer fraud had been committed, he lacked sufficient evidence to support his belief that it was Defendant who had committed the fraud as he did not see anyone engage in such unlawful acts. Shriner, 421 N.W.2d at 759.

In Wendeln v. The Beatrice Manor, Inc., 712 N.W. 2d 226 (Neb. 2006), the plaintiff, who was employed by the Defendant nursing home, alleged she was terminated in violation of public policy after she reported suspected patient abuse of residents as required by law. The Nebraska Supreme Court held: "The Legislature articulates public policy when it declares certain conduct to be in violation of the criminal law." 712 N.W.2d at 239, citing Shriner v. Meginnis Ford Co, 228 Neb. 85, 421 N.W. 2d 755 (1988); Ambroz v. Cornhusker Square Ltd., 226 Neb. 899, 416 N.W.2d 510 (1987); Simonsen v. Hendricks Sodding & Landscaping, 5 Neb. App. 263, 5587 N.W.2d 825 (1997).

Paragraph 9 of the first amended complaint specifically identifies the federal law and regulations which make it a criminal act for persons/entities to hire and/or continue to employee

7

persons who lack proper documentation and/or authorization to work in the United States. (Doc. # 17, ¶9) Although not specifically stated in the first amended complaint, 18 U.S.C.A.§1028 makes it illegal for persons to produce, transfer, and/or possesses false identification documents. Nebraska law also provides that it is a criminal act for an employer or other payor to fail to withhold and remit any income of an obligor receiving income from the employer or other payor and for any person to evade certain tax obligations under the Nebraska Revenue Act of 1967. (See Neb.Rev.Stat. §§ 43-1724 and 77-2713)

In the instant action, Plaintiff had personal knowledge of the Defendant's alleged unlawful actions. Mr. Lucar repeatedly refused to engage in such alleged unlawful conduct and repeatedly voiced his opposition to such conduct to Defendant's human resource employees and top managers. As a result, Mr. Lucar was wrongfully fired in contradiction of the public policy of the State of Nebraska and the United States of America.

## CONCLUSION

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied. In the alternative, if the Court finds that the First Amended Complaint is deficient, that Plaintiff be granted leave to file a Second Amended Complaint to cure any pleading defects.

BY: s/Kathleen M. Neary_____
Bar Number: 20212
Attorney for Plaintiff
Powers Law
411 South 13th Street, Suite 300
Lincoln, NE 68508
Telephone: (402) 474-8000
Fax: (402) 474-5006
E-mail: kathleen@vpowerslaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(3), I hereby certify that this brief complies with the word count limitation provided under the rule and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 2566 words.

s/Kathleen M. Neary_____

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2021, I electronically file the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

s/Kathleen M. Neary_____

9