IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS LUCAR, <br><br> Plaintiff, <br><br> v. <br><br> PILLEN FAMILY FARMS, INC., <br><br> Defendant. | 4:21CV3142 <br><br> MEMORANDUM AND ORDER |

This matter is back before the Court on defendant Pillen Family Farms, Inc.'s ("Pillen") renewed Motion to Dismiss (Filing No. 19) Counts V and VI of plaintiff Luis Lucar's ("Lucar") First Amended Complaint (Filing No. 17) pursuant to Federal Rule of Civil Procedure 12(b)(6). Pillen alternatively requests an order requiring Lucar to provide a more-definite statement pursuant to Rule 12(e). For the reasons stated below, Pillen's motion is denied.

I.  BACKGROUND

Pillen is a Nebraska corporation engaged in pork production at multiple facilities. Lucar began working for Pillen in March 2012; he was terminated on November 14, 2019. At that time, Lucar was a Human Resource Specialist. In that role, he was involved in the hiring and firing of Pillen employees and assisted with other personnel matters.

From 2015 to his termination, Lucar "repeatedly complained of, opposed, reported, and refused to participate in the alleged illegal activity of [Pillen's] corporate employees, management and supervisory team, and human resource personnel." In particular, Lucar alleges Pillen (1) illegally hired and retained undocumented workers, (2) changed "employees' names on certain government and company documents so employees could avoid paying taxes, garnishments, and/or child support, and/or for other allegedly unlawful reasons in violation of" state and federal law, including tax law, (3) falsified government

and insurance documents in violation of state and federal law, and (4) improperly classified "employees as 'contract' labor to avoid paying all wages due and owing to said employees for work performed and/or to avoid the payment of taxes and other legally required financial obligations . . . in violation of the Fair Labor Standards Act [("FSLA"), 29 U.S.C. § 201 *et seq*.], the laws of the State of Nebraska, and the United States of America."

Lucar further alleges he repeatedly reported to Pillen that some of its managers and supervisors were unlawfully discriminating against certain employees based on their race, national origin, and ethnicity. Lucar himself reports suffering unlawful discrimination and retaliation for speaking out. Lucar alleges he was fired when he refused to overlook and engage in such illegal activities.

After his termination, Lucar filed administrative charges with the Nebraska Equal Opportunity Commission ("NEOC") and the federal Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue letter on July 19, 2021; the NEOC charge is still pending.

On July 21, 2021, Lucar sued Pillen, asserting six separate counts (Filing No. 1). When Pillen first moved to dismiss Counts V and VI (Filing No. 9), Lucar obtained leave (Filing No. 15) and amended his complaint. In its renewed motion to dismiss, Pillen contends Counts V and VI still fail to state a claim.

**II.    DISCUSSION**

To state a claim for relief in Counts V and VI, Lucar must plead "a short and plain statement of [each] claim showing that [he] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and "raise[s] a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Rule 12(e) permits a motion for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Absent unintelligibility—as opposed to a simple lack of detail—this Court has been reluctant to grant such motions "in light of the liberal notice pleading standard . . . and the liberal discovery available to both sides" under the federal rules. *A. W. v. Neb. Med. Ctr.*, No. 8:19-CV-342, 2020 WL 6162999, at *2 (D. Neb. Jan. 29, 2020) (quoting *Lemp v. Ocwen Loan Servicing, LLC*, No. 8:08-CV-35, 2008 WL 2276935, at *2 (D. Neb. May 30, 2008)).

Having carefully applied these standards to Lucar's amended pleading, the Court finds Counts V and VI give Pillen fair notice of Lucar's claims and the grounds on which they rest.

In Count V, Lucar asserts Pillen retaliated against him for reporting Pillen's alleged violations of the FLSA. "The FLSA sets forth rules concerning, among other things, minimum wages and overtime pay." *Montgomery v. Havner*, 700 F.3d 1146, 1148 (8th Cir. 2012). It also makes it unlawful to discharge an employee or discriminate against him because he has filed an oral or written complaint. *Id.* (discussing 29 U.S.C. § 215(a)(3)). "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and

3

context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011); *see also Montgomery*, 700 F.3d at 1149 n.3 (assuming, "without deciding, a complaint to a private employer is sufficient" under the FSLA's antiretaliation provision).

Pillen argues Lucar's "FLSA retaliation claim [in Count V] is not cognizable, because he does not allege he reported" an FLSA violation to Pillen. But Pillen acknowledges that Lucar alleges he repeatedly reported that Pillen failed "to pay all wages due and owing to employees for work performed in violation of the [FLSA]" and improperly misclassified employees as contract workers to avoid paying proper wages. Though thin, Lucar's allegations in the amended complaint about the FSLA violations he reported, "accepted as true" and "read as a whole," *Braden*, 588 F.3d at 594, (1) indicate his complaints were "sufficiently clear and detailed," *Kasten*, 563 U.S. at 14, for Pillen to reasonably understand that Lucar was alleging FLSA violations and (2) contain sufficient factual matter to state a plausible claim of retaliatory discharge under the FSLA.

As for Count VI, Pillen argues it should be dismissed because Lucar fails to allege that Pillen "violated any of the recognized public policy exceptions previously enumerated by the Nebraska Supreme Court." That conclusion is not entirely clear given the nature of some of Lucar's allegations. But even if Pillen's assertion is accurate, it would not warrant dismissal at this early stage.

Under Nebraska's public-policy exception to the at-will employment doctrine, "an employee may claim damages for wrongful discharge when the motivation for the firing contravenes public policy." *O'Brien v. Bellevue Pub. Sch.*, 856 N.W.2d 731, 740 (Neb. 2014). The Nebraska Supreme Court has undoubtedly set some limits on the exception. *See id.* ("The right of an employer to terminate employees at will should be restricted only by exceptions created by statute or to those instances where a very clear mandate of public policy has been violated."); *Jackson v. Morris Commc'ns Corp.*, 657 N.W.2d 634, 637

4

(Neb. 2003) (summarizing the development of the exception). But the Nebraska Supreme Court's public-policy jurisprudence is not as rigid or static as Pillen seems to suggest. *See id.*; *Trosper v. Bag 'N Save*, 734 N.W.2d 704, 706 (Neb. 2007) (extending the exception to other retaliatory conduct); *O'Brien*, 856 N.W.2d at 741 (assuming on summary judgment that "there [wa]s a public policy regarding internally reporting the presence or suspected presence of asbestos" based on federal law and the employer's policy).

"In determining whether" an employer's conduct violates "a clear mandate of public policy," the Court must examine whether that conduct "contravenes the letter or purpose of a constitutional, statutory, or regulatory provision or scheme." *Trosper*, 734 N.W.2d at 707. At this point, the Court is unable to say definitively that Pillen's alleged retaliatory conduct falls outside of Nebraska's public-policy exception and that Lucar has no plausible claim. *See Iqbal*, 556 U.S. at 678 (clarifying that the plausibility standard does not impose a probability requirement at the pleading stage); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))). Both parties can conduct discovery to better develop this issue.

In light of the foregoing, Pillen's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement (Filing No. 19) is denied.

IT IS SO ORDERED.

Dated this 18th day of November 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge