IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS LUCAR., | ) |
| Plaintiff, | ) Case No. 4:21-cv-3142 ) ) |
| v. | ) **ANSWER AND AFFIRMATIVE** ) **DEFENSES** |
| PILLEN FAMILY FARMS, INC. | ) ) |
| Defendant. | ) |

Defendant Pillen Family Farms, Inc. ("Defendant"), by its attorneys Rembolt Ludtke LLP, for its Answer and Affirmative Defenses to Plaintiff Luis Lucar's ("Plaintiff") First Amended Complaint ("Complaint"), admits, denies, and alleges as follows:

1. Defendant admits that Plaintiff purports to bring an action against it for alleged violations of the Title VII of the Civil Rights Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Nebraska Fair Employment Practices Act, and the public policy of the State of Nebraska and the United States of America but denies that it violated or is in violation of such acts or any statutorily protected rights as alleged in Paragraph 1 of Plaintiff's Amended Complaint.

2. Upon information or belief, Defendant admits the allegation in paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Because Paragraph 4 of the Complaint contains legal conclusions to which no response is required, Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5. Upon information or belief, Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

1

6. Defendant admits that the Federal District Court has federal question jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims.

7. Defendant admits that Plaintiff was employed by Defendant in March 2012, that his most recent position prior to his termination was Human Resource Specialist, and that Plaintiff was involved with the hiring of some new employees and dealt with other personnel related matters but denies the remaining allegation in paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that it is engaged in pork production and that some members of the Pillen family are involved in management, but denies the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits Plaintiff was terminated on or about November 14, 2019, that Sarah Pillen was a decisionmaker, and that Plaintiff was terminated for legitimate, nondiscriminatory reasons including his inability to work with other team members but denies the remaining allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies that Defendant's corporate officers, managers and/or supervisors engaged in unlawful or discriminatory activity in the scope and course of their employment with Defendant as alleged in Plaintiff's Complaint and therefore denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

## COUNT I

Defendant incorporates its answers to Paragraphs 1 through 18 of Plaintiff's Complaint as though fully set forth herein.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

## COUNT II

Defendant incorporates its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as though fully set forth herein.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## COUNT III

Defendant incorporates its answers to Paragraphs 1 through 24 of Plaintiff's Complaint as though fully set forth herein.

25. Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

## COUNT IV

Defendant incorporates its answers to Paragraphs 1 through 26 of Plaintiff's Complaint as though fully set forth herein.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

COUNT V

Defendant incorporates its answers to Paragraphs 1 through 29 of Plaintiff's Complaint as though fully set forth herein.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

COUNT VI

Defendant incorporates its answers to Paragraphs 1 through 32 of Plaintiff's Complaint as though fully set forth herein.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause following Paragraph 34 of Plaintiff's Complaint, and further denies each and every allegation not expressly admitted or modified, except to the extent that such allegations constitute admissions against Plaintiff's interests.

**AFFIRMATIVE DEFENSES**

Without admitting Defendant engaged in any conduct alleged in the Complaint, Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

A. Plaintiff failed to state a claim upon which relief can be granted.

B. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

C. This Court lacks jurisdiction to the extent Plaintiff failed to satisfy the statutory and administrative prerequisites to maintain his cause of action.

D. The Complaint is barred to the extent the claims alleged in Plaintiff's Complaint exceed the scope of the allegations contained in his Charge of Discrimination filed with the EEOC.

E. Upon information and belief, Plaintiff failed to mitigate his damages.

F. Defendant's decisions were made for reasons unrelated to Plaintiff's race.

G. Any acts or omissions by Defendant giving rise to Plaintiff's claim for relief were made in good faith and Defendant did not know and/or did not show reckless disregard for whether its conduct was prohibited by federal law.

H. The imposition of punitive damages would violate the United States Constitution and Nebraska's Constitution because: (a) the standard for liability for punitive damages is inadequate, unduly vague, and subjective, permitting random, arbitrary, capricious, excessive, and/or disproportionate punishment that serves no legitimate governmental interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

I. Plaintiff's claims are barred by the doctrines of estoppel, waiver, failure of consideration, consent and/or unclean hands.

J. Plaintiff's claims are barred by the after-acquired evidence doctrine.

K. Pending discovery and because Plaintiff's Complaint is couched in conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant reserves the right to add additional defenses at a later date.

WHEREFORE, Defendant prays for the following relief:

A. That Plaintiff take nothing by reason of his Complaint and that the Complaint be dismissed in its entirety with prejudice.

B.  That the Defendant be awarded its costs incurred in the defense of this action, including reasonable attorneys' fees allowed by law;

C.  That Defendant be awarded such additional relief as the Court may deem just and equitable; and

D.  In the event a trial is held, that the trial take place in Lincoln, Nebraska.

Dated: December 02, 2021

                        PILLEN FAMILY FARMS, INC., Defendant

By:   REMBOLT LUDTKE LLP
        3 Landmark Centre
        1128 Lincoln Mall, Suite 300
        Lincoln, NE 68508
        (402) 475-5100
        tpaulson@remboltlawfirm.com

By:   /s/ Tara Tesmer Paulson
        Tara Tesmer Paulson (#24454)

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kathleen M. Neary
POWERS LAW
411 South 13th Street, Suite 300
Lincoln, NE 68508
kathleen@vpowerslaw.com

                        /s/ Tara Tesmer Paulson
                        Tara Tesmer Paulson (#24454)

4863-9556-4548, v. 1